Altman
LAW & POLICY

*Kurt M. Altman, P.L.C. – Attorney at Law*
*Kurt M. Altman • Owner & Principal*

September 25, 2026

***Sent via Email***

Mary O'Grady
Allie Karpurk
Osborn Maledon
2929 N. Central Ave., Suite 2000
Phoenix, Arizona 85012
mogrady@omlaw.com
akarpurk@omlaw.com

**RE: In the Matter of 26-06: Subpoena Duces Tecum**
***Mesa Sign Shop, LLC (c/o James Torgenson)***

Ms. Karpurk:

Please consider this letter as Mesa Sign Shop, LLC's answer to the subpoena referenced above as well as written objection to specific requests. As you are aware, Disclosure No. 1 consisted of the following:

- One (1) PDF document consisting of nine (9) pages, reflecting invoices for signs and other printing ordered and completed on behalf of Ralph Heap in connection with his candidacy for the Arizona Corporation Commission.

Mesa Sign Shop, LLC believes Disclosure No. 1 contains all relevant information required from it for the Arizona Citizens Clean Elections Commission's investigation. Nevertheless, Mesa Sign Shop, LLC addresses the subpoena requests below in the order of the numbered paragraphs. Mesa Sign Shop, LLC reserves all objections not expressly stated herein, including objections based on relevance, burden, scope, privilege, confidentiality, and proportionality.

- **Paragraph 1**: Documents provided on September 22, 2026; Disclosure No. 1.

- **Paragraph 2**: Mesa Sign Shop, LLC does not possess any documents "sufficient to establish standard pricing during the 2025-2026 election cycle for 4-foot by 4-foot coroplast signs." Disclosure No. 1 provides the best evidence related to that request.

- **Paragraph 3**: Disclosure No. 1 consists of documents sufficient to establish pricing for political customer orders. To the extent Mesa Sign Shop, LLC possesses documents establishing pricing for non-political customers, Mesa Sign Shop, LLC objects to the request as not relevant because it does not seek information "material to the performance" of the Commission's duties under A.R.S. § 16-956(B).

- **Paragraph 4**: Mesa Sign Shop, LLC is not in possession of any documents that reflect a standard practice for establishing customer creditworthiness.

- **Paragraph 5**: Mesa Sign Shop, LLC objects to this request as not relevant as it is not information "material to the performance" of the Commission's duties under A.R.S.§ 16-956(B).

- **Paragraph 6**: Mesa Sign Shop, LLC objects to this request as not relevant because it does not seek information "material to the performance" of the Commission's duties under A.R.S. § 16-956(B). To the extent any part of the request is deemed relevant, any responsive materials in Mesa Sign Shop, LLC's possession were provided in Disclosure No. 1 on September 22, 2026.

- **Paragraph 7**: Mesa Sign Shop, LLC objects to this request as not relevant because it does not seek information "material to the performance" of the Commission's duties under A.R.S. § 16-956(B). Additionally, the request is overbroad and burdensome. Should the Commission continue to assert its relevance, Mesa Sign Shop, LLC requests a more specific and narrower request for production. *See* State ex rel. Goddard v. Western Union Financial Services, Inc., 216 Ariz. 361 (App. 2007).

- **Paragraph 8**: Mesa Sign Shop, LLC does not possess any documents sufficient to establish the policies, standards, criteria, or practices used to determine customer creditworthiness.

- **Paragraph 9**: Mesa Sign Shop, LLC does not possess any documents or communications that reflect an assessment of the creditworthiness of Dr. Heap.

- **Paragraph 10**: Mesa Sign Shop, LLC does not possess any documents requested in this paragraph.

- **Paragraph 11**: Mesa Sign Shop, LLC does not possess any documents requested in this paragraph.

- **Paragraph 12**: Beyond those documents disclosed in "Disclosure No. 1," Mesa Sign Shop, LLC does not possess any additional documents requested in this paragraph.

Mesa Sign Shop, LLC believes additional relevant materials may exist that are subject to disclosure pursuant to the subpoena. Those materials may include copies of work orders, emails, and completion dates. If available, those materials will be disclosed by September 30, 2026, or as soon as possible thereafter as Disclosure No. 2.

Please let us know if you have any questions. We are happy to set up a time to discuss.

Sincerely,

**KURT M. ALTMAN, P.L.C.**

*/s/ Kurt M. Altman*
Kurt M. Altman
Attorneys for Mesa Sign Shop, LLC