Gmail

# Exhibit 14

Thomas Collins <thomas.collins@azcleanelections.gov>

## Compliance Notice as Approved 8_27

1 message

**Thomas Collins** <thomas.collins@azcleanelections.gov> Thu, Aug 27, 2026 at 5:01 PM
To: "tim@timlasota.com" <tim@timlasota.com>, "Morgan, Craig" [redacted]

Mr. La Sota and Mr. Morgan
Please find for your use and records the order as approved.
Thank you
Tom

--
Thomas M. Collins
Executive Director
Arizona Citizens Clean Elections Commission
www.azcleanelections.gov
Office: 602-364-3477
Mobile: 602-397-6362

---

**MUR 2606 Heap Compliance Order 8_27_26 as a approved.pdf**
147K

**In re: MUR 26-06, Ralph Heap**
**DRAFT Compliance Order**

Pursuant to A.R.S. § 16-957 and A.A.C. R2-20-208, the following compliance order is issued:

**Background**

1. Dr. Ralph Heap is a participating candidate for the Arizona Corporation Commission.

2. As a participating candidate, Dr. Heap agreed to the requirements of the Citizens Clean Elections Act and Commission rules, including restrictions on the source and amount of contributions, limits on personal monies, the requirement to conduct campaign financial activity through a single campaign account, campaign-finance reporting requirements, and restrictions on incurring debt before qualifying for Clean Elections funding.

3. The Commission received a complaint from Lisa Everett alleging that Dr. Heap authorized campaign signs placed throughout the state but did not account for the expense of those signs on his campaign-finance reports. The Commission also received sworn statements concerning the signs and a sworn response submitted by Dr. Heap's counsel.

4. Jim Torgeson, owner of Mesa Sign Shop, stated that Mesa Sign Shop received an order for signs for Dr. Heap's candidacy in April 2026 and completed the order in late May 2026. His declaration did not state the number of signs ordered or the price. It stated that an invoice had been prepared but had not yet been sent to Dr. Heap.

5. Dr. Heap was certified as a participating candidate on March 20, 2026. He was notified on July 20, 2026 that he had submitted sufficient qualifying contributions to qualify for Clean Elections funding, but funding was not authorized because he had not submitted the declaration required by A.A.C. R2-20-106(A).

6. The Commission found reason to believe that violations of the Citizens Clean Elections Act and Commission rules may have occurred and authorized an investigation. The Executive Director's Recommendation along with its exhibits are attached hereto and incorporated by this reference.

The sworn statement of Gina Swoboda is attached hereto and incorporated by reference.

**Violations**

**I. There is reason to believe that Dr. Heap violated A.R.S. § 16-941(A).**

Section 16-941(A) limits the sources and amounts of contributions a participating candidate may accept and limits the amount of the candidate's personal monies that may be contributed to the campaign.

**A. Mesa Sign Shop contribution.**

Mesa Sign Shop produced campaign signs ordered for Dr. Heap's candidacy in April 2026 and completed the order in late May 2026. The transaction was not reported by the campaign. The available evidence indicates that Mesa Sign Shop provided an advance, loan, or other thing of value for the purpose of influencing Dr. Heap's election. The extension-of-credit exemption does not apply because the evidence does not establish that credit was extended on the committee's behalf, on substantially similar terms to nonpolitical debtors of similar risk and size of obligation, or that Mesa Sign Shop made a commercially reasonable attempt to collect the debt.

Rather, Mesa Sign Shop Declaration emphasized that the advance or loan was offered because of Dr. Heap's personal credit, without consideration for the campaign or its circumstances at all. Because there is no exception to allow Dr. Heap to accept such a loan or advance from an LLC, for his campaign there is reason to believe that Dr. Heap violated A.R.S. §16-941(A).

**B. Dr. Heap's loan or expenditure**

Mesa Sign Shop's declaration states that it relied on Dr. Heap's personal character, profession, financial capacity, and creditworthiness in extending credit. To the extent Dr. Heap personally assumed or financed the campaign obligation, that transaction was a contribution or loan to his campaign and was subject to the limits in A.R.S. § 16-941(A), including the applicable limit on personal monies.

**II.** There is reason to believe that Dr. Heap violated A.R.S. § 16-948(A).

Section 16-948(A) requires a participating candidate to conduct all financial activity through a single campaign account of the candidate's campaign committee. Mesa Sign Shop's declaration indicates that the extension of credit was based on Dr. Heap personally rather than on the committee. Additionally, the transaction is omitted from Dr. Heap's campaign finance reports. There is therefore reason to believe that a campaign financial transaction occurred outside the campaign's single campaign account in violation of A.R.S. § 16-948(A).

**III. There is reason to believe that Dr. Heap violated A.R.S. §§ 16-947 and 16-942(B) by failing to report the Mesa Sign Shop transaction.**

The campaign-finance reports do not account for the April 2026 sign order, the resulting obligation to Mesa Sign Shop, or any related personal loan or contribution by Dr. Heap. Because the extension-of-credit exemption does not apply, the transaction was reportable. The agreement with Mesa Sign Shop should have been reported when it was made. Failure to include this information in the campaign finance reports establishes reason to believe that Dr. Heap violated A.R.S. §§ 16-947 and 16-942(B).

**IV. There is reason to believe that Dr. Heap violated A.A.C. R2-20-104(D)(6).**

Before qualifying for Clean Elections funding, a participating candidate may not incur debt or make an expenditure in excess of cash on hand. Dr. Heap's campaign reports indicate that the campaign did not have sufficient cash on hand to pay for the Mesa Sign Shop order when it was placed in April, when the order was completed in late May, or before Dr. Heap qualified for Clean Elections funding. The available evidence therefore provides reason to believe that the campaign incurred debt in excess of cash on hand before qualification in violation of A.A.C. R2-20-104(D)(6).

**Order**

Within fourteen (14) days after service of this Order, Dr. Heap shall:

1. Amend his campaign-finance reports to disclose the Mesa Sign Shop transaction, including the date the obligation was incurred, the full amount of the obligation, and the nature of the transaction, consistent with the Act and Commission rules.

2. Amend his campaign finance reports to disclose any personal loan, advance, payment, or other contribution by the candidate arising from or used to satisfy the Mesa Sign Shop obligation, including the amount and date of each transaction.

3. Conduct all campaign financial activity through the single campaign account required by A.R.S. § 16-948(A), including any payment to Mesa Sign Shop and any repayment of a loan or advance by Dr. Heap.

4. Provide documentation sufficient to establish the accuracy of any amended campaign finance reports, which shall include the complete terms and amount of the Mesa Sign Shop transaction ("Heap Sign Order"), including

a. All Documents relating to the Heap Sign Order, including any order, work order, quote, estimate, invoice, proof, production record, unit price, total price, date ordered, date completed, and date made available for pickup, pickup or delivery record, account statement, and the payment terms applicable to the Heap Sign Order, including but not limited to information referenced in paragraphs 3, 4, and 5 of Mr. Torgeson's Declaration. All Documents and Communications relating to the content, design, placement, or distribution of the signs comprising the Heap Sign Order, including any Communication between Mesa Sign Shop and Dr. Heap, including but not limited to information referenced in paragraph 11 of Mr. Torgeson's Declaration, and communications with any other person concerning the Heap Sign Order.

b. All Documents and Communications reflecting Mesa Sign Shop's assessment of the creditworthiness of Dr. Heap or its decision to produce or release the Heap Sign Order without prepayment, including Documents concerning his reputation, professional standing, occupation, financial capacity, cash on hand, anticipated revenues, ability to pay, or any other factor considered in making that decision, including but not limited to information referenced in paragraphs 8, 9, and 10 of Mr. Torgeson's Declaration. This paragraph only applies to the the participating candidate and his campaign committee.

5. All Documents created after August 7, 2026 relating to invoicing, payment, collection, forgiveness, adjustment, write-off, or other disposition of the amount owed for the Heap Sign Order.

6. Provide documentation sufficient to establish that the campaign is using a single campaign account for all of its transactions:
a. Copies of any and all statements from any financial accounts that have been used for campaign purposes, including copies of all electronic transactions or cleared/cancelled checks issued.
b. Copies of any and all agreements to provide any services to the candidate or the campaign.
c. Copies of any and all receipts, invoices, or records regarding any service provided to the campaign, any in-kind contribution, any use of personal monies or any other transaction of value.
With respect to this paragraph, if Dr. Heap or any agent of his committee did not receive a receipt or written agreement or confirmation for a particular transaction or in-kind contribution, please specify the nature of the transaction or in-kind contribution, the persons involved and the date Dr. Heap or any agent of his committee received the particular good or service.

7. Provide an explanation regarding Dr. Heap's apparent violations of A.R.S. §§ 16-941, 16-947, 16-948, and A.A.C. R2-20-104(D)(6).

The Commission's investigation shall continue during and after the compliance period as provided by law and Commission rules. This is not an appealable agency action.

Approved this 27th day of August

Vote of the Clean Elections Commission